United States District Court
For the Northern District of California

*E-Filed 5/11/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WELLS FARGO BANK, N.A.,

        Plaintiff,

  v.

BARBARA J. ROOKER FAMILY TRUST, et al.,

        Defendants.
_____/

Case No. 11-02070 RS

**ORDER OF SUMMARY REMAND**

      "Christopher Jamar [Summers]", purporting to act as the "Administrator" of the "Office of The Executor," and appearing *in pro se*, removed this action from Marin Superior Court where it was pending as an unlawful detainer action against him and the Barbara J. Rooker Family Trust. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." In this case, summary remand is, in fact, appropriate.

      The notice of removal primarily asserts that federal jurisdiction is proper because defendants claim title to the real property in dispute under a federal land patent originating in the Treaty of Guadalupe Hidalgo. Other assertions in the notice are not entirely clear, but include references to

admiralty law, and defendants' rights as "sovereign American[s]" and "citizen[s] of the California Republic." Whatever the merits of the claims defendants are making may be, it is apparent that they are contending they have *defenses* to the unlawful detainer action arising from federal law, as well as from what they contend were various defects and acts of fraud committed in connection with the non-judicial foreclosure sale.

The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[1] Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* The fact that a federal question may be implicated through matters raised by an answer or in a counterclaim is insufficient. *Id.* at 831. Accordingly, the supposedly federal nature of some of the matters defendants are attempting to raise as a basis for challenging the foreclosure and the unlawful detainer does not give rise to removal jurisdiction. Additionally, while defendants do not appear to be contending that diversity of the parties would support jurisdiction, any such argument would not be tenable given that they are residents of California and therefore precluded by 28 U.S.C. § 1441(b) from effecting a removal from a court in their own state. Accordingly, this action is hereby remanded to the Marin Superior Court, on the Court's own motion.

Plaintiff's request for attorney fees incurred in responding to the removal is denied. Defendants are cautioned, however, that any further attempt to remove the underlying unlawful detainer to this Court will subject them to sanctions.[2]

Finally, the papers defendants filed with their notice of removal include a pleading that may have been intended by them to serve as a complaint for affirmative relief against Wells Fargo and others. While that document as drafted almost certainly would be subject to dismissal for failure to

---

[1] The rule applies equally to evaluating the existence of federal questions in cases brought initially in this court and in removed cases. *Id.* at n. 2

[2] This is already the second time defendants have removed the unlawful detainer action to this Court, and appears to have been effected in deliberate disregard of the order of remand issued by the judge presiding over the matter upon the prior removal. *See Wells Fargo v. Barbara Rooker Family Trust, et al.* C 10-3503 SBA, Order Remanding Action, entered February 3, 2011. The Court has exercised its discretion not to refer this matter to the judge presiding over the prior removal for a related case determination, because doing so would only cause further delay, thereby increasing the prejudice defendants have caused by this patently improper removal.

state a claim, and while it appears to include legal theories that are frivolous, this order of remand is without prejudice to defendants' rights to bring an action in good faith asserting any affirmative claims they may have against Wells Fargo or others.  Defendant's application for *in forma pauperis* status is denied as moot, and the Clerk shall close this file.

IT IS SO ORDERED.

Dated: 5/11/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE